UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                    Case No. 17-cr-20411
vs.                                     HON. GEORGE CARAM STEEH

DELANO HARPER,

        Defendant.
_____/

ORDER DENYING DEFENDANT'S MOTION OBJECTING TO THE PROSECUTOR'S FILING FOR SENTENCING ENHANCEMENT PURSUANT TO 21 U.S.C. § 851 (DOC. 33)

This matter is presently before the Court on defendant Delano Harper's "motion objecting to the prosecutor's filing for sentencing enhancement pursuant to" 21 U.S.C. § 851. (Doc. 33). For the reasons stated below, Harper's motion is DENIED.

**I. Background**

The Government filed a complaint against defendant Delano Harper on April 5, 2017. (Doc. 1). On June 14, 2017, Harper was indicted on four counts:

(1) possession with intent to distribute a controlled substance (cocaine) in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B);

1

(2) possession with intent to distribute a controlled substance (heroin) in violation of 21 U.S.C. § 841(a)(1);

(3) possession with intent to distribute a controlled substance (marijuana) in violation of 21 U.S.C. §§ 841(a)(1); and

(4) possession with intent to distribute a controlled substance (marijuana) in violation of 21 U.S.C. §§ 841(a)(1).

(Doc. 16 at PageID 41-42).

The Government filed a Notice of Penalty Enhancement on September 12, 2017. (Doc. 27). The Notice established Harper's prior convictions for (1) delivery/manufacture of a controlled substance, a violation of M.C.L. § 333.7401(2)(a)(4), in the Third Judicial Circuit of Michigan on December 9, 1999; and (2) delivery/manufacture of a controlled substance, a violation of M.C.L. § 333.7401(2)(a)(4), in the Third Judicial Circuit of Michigan on September 22, 2006. (Doc. 27 at PageID 84-85).

Harper pleaded guilty to Counts One and Two on September 14, 2017. (Doc. 29). Count One charged Harper with possession with intent to distribute at least 500 grams of cocaine. Individuals convicted of this offense shall "be sentenced to a term of imprisonment which may not be less than 5 years." 21 U.S.C. § 841(b)(1)(B). But where an individual

commits this offense "after a prior conviction for a felony drug offense has become final," they "shall be sentenced to a term of imprisonment which may not be less than 10 years. . . ." *Id.* Harper's Rule 11 Plea Agreement states that Count One carried a mandatory minimum penalty of 10 years' imprisonment. (Doc. 29 at PageID 88). The parties agreed to a 120 month guideline range. (Doc. 29 at PageID 90). The agreement permits Harper to withdraw from the agreement and withdraw his guilty plea if the Court imposes a sentence higher than the maximum allowed by Paragraph 3 of the agreement. (Doc. 29 at PageID 92).

Harper filed the present motion, objecting to the prosecutor's filing for sentencing enhancement pursuant to" 21 U.S.C. § 851, on March 22, 2018. (Doc. 33).

## II. Analysis

Harper argues that his 1999 and 2006 convictions do not justify a sentencing enhancement pursuant to 21 U.S.C. § 851 because the prior convictions did not involve aggravating factors like violence or large-scale drug trafficking.

Harper's argument is misplaced. The statute merely requires that a defendant have "a prior conviction for a felony drug offense." 21 U.S.C. § 841(b)(1)(B). A "felony drug offense" is "an offense that is punishable by

imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44). Pursuant to this definition, a prior felony drug offense is not required to contain aggravating circumstances like violence or high-level drug trafficking.

Harper's prior convictions qualify him for an enhanced sentence. The sentencing enhancement is based on Harper's 1999 and 2006 convictions. Harper does not contest his prior history. Both prior convictions correspond to violations of M.C.L. § 333.7401(2)(a)(4), a State law that prohibits drug delivery or possession with intent to deliver less than 50 grams of a narcotic drug, and defines such conduct as a "felony punishable by imprisonment for not more than 20 years." As such, these convictions meet the statutory definition of felony drug offenses. Courts routinely apply § 851 enhancements in such circumstances. *See, e.g., United States v. Soto*, 8 F. App'x 535, 540 (6th Cir. 2001).

Finally, the Court notes that the Government has not asked to exceed the 120 month sentence anticipated in the Rule 11 Plea Agreement. The

Court therefore concludes that it is unnecessary to extend Harper the opportunity to withdraw his plea at this time.

### III. Conclusion

For the reasons stated above, defendants' motion is DENIED.

IT IS SO ORDERED.

Dated: April 5, 2018

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys
of record on April 5, 2018, by electronic and/or
ordinary mail.

s/Marcia Beauchemin
Deputy Clerk