UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DELANO HARPER,

    Defendant.
_____/

Case No. 17-20411

Hon. George Caram Steeh

ORDER DENYING DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE (ECF NOS. 38, 40)

Defendant Delano Harper moves for compassionate release from prison due to the risks of contracting COVID-19 at the facility where he is housed. Harper pleaded guilty to two counts of possession with intent to distribute cocaine and heroin. The court sentenced him to 120 months in prison on April 23, 2018. Harper is serving his sentence at USP Thomson in Illinois.

Ordinarily, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). A limited exception to this rule is known as "compassionate release." The court's authority to grant Defendant's request for compassionate release is governed by 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. Until recently,

-1-

only the Bureau of Prisons ("BOP") could move for compassionate release. The First Step Act of 2018 amended the statute, permitting defendants to move for compassionate release themselves. First Step Act § 603(b), Pub. L. No. 115-319, 132 Stat. 5194, 5239 (Dec. 21, 2018). The provision permitting a defendant-initiated motion includes an exhaustion requirement. *Id*. If a defendant moves for compassionate release, the district court may not act on the motion unless the defendant files it "after" either completing the administrative process within the BOP or waiting 30 days from when the warden at the facility received the request. 18 U.S.C. § 3582(c)(1)(A).

Harper has not alleged that he has exhausted his administrative remedies by making a request for compassionate release to the BOP, and the BOP has no record of a request from Harper. *See* ECF No. 42-2. Although Harper asserts that the court may excuse the exhaustion requirement because of the COVID-19 pandemic, the Sixth Circuit has recently rejected this argument. *United States v. Alam*, __ F.3d __, 2020 WL 2845694, at *4 (6th Cir. June 2, 2020) (finding the failure to exhaust to be a "glaring roadblock foreclosing compassionate release") (quoting *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)). Because Harper has failed to comply with the exhaustion requirement, the court must deny his motion without prejudice. *Id.* at *5.

Accordingly, IT IS HEREBY ORDERED that Harper's motion for compassionate release (ECF Nos. 38, 40) is DENIED WITHOUT PREJUDICE.

Dated: June 23, 2020

>s/George Caram Steeh
>GEORGE CARAM STEEH
>UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 23, 2020, by electronic and/or ordinary mail and also on Delano Harper #55533-039, USP Thomson, U.S. Penitentiary Satellite Camp, P.O. Box 1002, Thomson, IL 61285.

s/Brianna Sauve
Deputy Clerk