UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

DELANO HARPER,

    Defendant.
_____/

Case No. 17-20411

Hon. George Caram Steeh

OPINION AND ORDER DENYING MOTION
FOR RECONSIDERATION (ECF NO. 44)

Defendant Delano Harper renews his motion for compassionate release. The court denied Harper's initial motion without prejudice because he did not allege that he exhausted his administrative remedies. ECF No. 43. Harper contends that he has exhausted his administrative remedies and the court may now consider his motion on the merits.

Harper pleaded guilty to two counts of possession with intent to distribute cocaine and heroin. The court sentenced him to the mandatory minimum of 120 months in prison on April 23, 2018. Harper is serving his sentence at USP Thomson in Illinois. He seeks compassionate release due to the risk of contracting COVID-19 in prison.

LAW AND ANALYSIS

I.    Legal Standard

Ordinarily, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c).  The statute provides for a limited exception, known as "compassionate release," which is governed by 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018.  This section allows for judicial modification of an imposed term of imprisonment when three criteria have been met: (1) the defendant has first exhausted all administrative remedies with the Bureau of Prisons or at least allowed the BOP 30 days to act on his request before seeking compassionate release on his own motion;  (2) extraordinary and compelling reasons warrant such a reduction; and (3) the reduction is consistent with the applicable policy statements issued by the Sentencing Commission and the court has considered the factors set forth in section 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i).

An "extraordinary and compelling reason" for the reduction can be satisfied in cases where a defendant's medical conditions or overall state of health are such that they cannot be treated effectively or will worsen in a custodial environment.  To qualify, a defendant must have a medical condition, age-related issue, family circumstance, or other reason that

satisfies the criteria in USSG § 1B1.13(1)(A) & cmt. n.1.  Medical conditions meeting the "extraordinary and compelling" standard include terminal illnesses or serious physical or cognitive impairments.  *Id.*  In addition, the defendant must "not [be] a danger to the safety of any other person or to the community."  USSG § 1B1.13(2).

Even if these criteria are met, the court may not grant a motion for compassionate release unless the factors set forth in § 3553 support a sentence reduction.  *See* 18 U.S.C. § 3553(a); *United States v. Kincaid*, 802 Fed. Appx. 187 (6th Cir. 2020) (affirming denial of compassionate release motion when district court found that § 3553 factors did not weigh in favor of sentence reduction).  These factors include the defendant's history and characteristics, the seriousness of the offense, the need to promote respect for the law and provide just punishment, general and specific deterrence, and the protection of the public.  18 U.S.C. § 3553(a).

II.     Analysis

Harper asserts, and the government agrees, that he has exhausted his administrative remedies by requesting compassionate release from the warden of his facility. The warden denied his request on July 7, 2020. Accordingly, the court may consider the merits of his motion. *See United States v. Alam*, 960 F.3d 831, 833-35 (6th Cir. 2020).

Harper contends that he is more susceptible to COVID-19 complications as a result of his health conditions, including chronic bronchitis. The government acknowledges that those suffering from chronic bronchitis are at increased risk for severe illness from COVID-19. However, Harper's prison medical records do not indicate that he suffers from chronic bronchitis or another chronic respiratory illness. ECF No. 47-1. Harper points to a medical record from the Grosse Pointe Hospital Emergency Department, where he treated for lower back pain in 2016. Under "past medical history," the doctor noted "bronchitis." ECF No. 50. This bare notation of a history of bronchitis in 2016, however, does not shed light on Harper's current medical condition and is contradicted by his more recent prison records. Harper has not established that his medical condition meets the "extraordinary and compelling" standard, which would render him eligible for compassionate release.

The court appreciates Harper's concern about contracting COVID-19. However, a "generalized risk of contracting COVID-19 and potentially developing the more severe symptoms is not akin to the type of 'extraordinary and compelling reasons' justifying compassionate release identified by the Sentencing Commission." *United States v. Peaks*, No. 16-20460, 2020 WL 2214231, at *2 (E.D. Mich. May 7, 2020); *accord United*

*States v. Bridges*, No. 14-20007, 2020 WL 2553299, at *4 (E.D. Mich. May 20, 2020); *United States v. Alzand*, No. 18-20703, 2020 WL 2781824, at *3 (E.D. Mich. May 29, 2020); *United States v. Whitsell*, 2020 WL 3639590, at *4 (E.D. Mich. July 6, 2020) ("Other district courts have granted compassionate release only upon a finding of numerous and severe medical conditions that place [inmates] at a significantly higher risk for severe illness from COVID-19.").

## CONCLUSION

The court finds that neither Harper's state of health nor the risk of contracting COVID-19 in prison constitutes an extraordinary and compelling reason justifying compassionate release. Therefore, IT IS HEREBY ORDERED that Harper's motion for reconsideration (ECF No. 44) is DENIED.

Dated: October 6, 2020

                                              s/George Caram Steeh
                                              GEORGE CARAM STEEH
                                              UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
October 6, 2020, by electronic and/or ordinary mail.

s/Brianna Sauve
Deputy Clerk

---